UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DACKMAR YULLIAN FERMIN ESPINOZA,<br><br>Petitioner,<br><br>v.<br><br>FACILITY ADMINISTRATOR NORTWEST IMMIGRATION AND CUSTOMS ENFORCEMENT PROCESSING CENTER et al.,<br><br>Respondents. | CASE NO. 2:26-cv-03668-LK<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

This matter comes before the Court on Petitioner Dackmar Yullian Fermin Espinoza's Petition for Writ of Habeas Corpus. Dkt. No. 1. For the reasons stated below, the petition is dismissed without prejudice.

## I. BACKGROUND

Petitioner is currently detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 1 at 1. On February 27, 2026, the Immigration Court entered an order of removal in absentia after Petitioner did not appear for his scheduled hearing. *Id.* On September 1, 2026, Petitioner was taken into U.S. Customs and Immigration Enforcement ("ICE") custody. *Id.* On September 9, 2026, the Immigration Court received his "Motion to Reopen and Rescind In Absentia Removal Order," which is currently pending. *Id.* Petitioner requested that the

Immigration Judge "rescind the in absentia order and reopen [his] proceedings so that [he] may appear and pursue the applications for protection that [he] previously filed." *Id.*

Petitioner does not ask "this Court to decide whether the Immigration Judge should grant [his] Motion to Reopen, to adjudicate [his] asylum or other protection claims, or to review the merits of the February 27, 2026 removal order." *Id.* at 2. Instead, he asks "this Court to exercise habeas jurisdiction over [his] federal custody and to preserve meaningful access to this Court while [his] immigration proceedings remain pending." *Id.* Petitioner asserts that "[t]he relief sought at this stage is procedural and limited: prompt case scheduling, a response from the Government, and advance notice before any transfer outside this District or removal from the United States." Dkt. No. 1-1 at 1.

## II. DISCUSSION

The Court is required to perform a preliminary review of a habeas petition under Rule 4 of the Rules Governing § 2254 cases. *See Garcia v. ICE Field Off. Dir.*, No. 2:26-CV-01868-DGE, 2026 WL 1533027, at *1 (W.D. Wash. June 1, 2026) (applying Rule 4 of the Rules Governing § 2254 habeas cases to § 2241 petitions); *see also Estrada Bello v. Ice Field Off. Dir.*, No. 2:26-CV-01616-DGE, 2026 WL 1328541, at *1 (W.D. Wash. May 13, 2026) (same). "Rule 4 directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Garcia*, 2026 WL 1533027, at *1 (citation modified). Dismissal under Rule 4 "is required on . . . substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038, 1040 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)). "A petition may not be cognizable, for example, where the petitioner fails to allege a federal claim . . . or when no

claim for relief is stated[.]" *Id.* at 1045 (citation modified). Here, the petition is deficient for the reasons outlined below.

**A. Petitioner Fails to Name the NWIPC Warden as Respondent**

The proper respondent for a petition brought under 28 U.S.C. § 2241 is "the person who has custody over" the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citing 28 U.S.C. §§ 2242 & 2243); *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024). If a petitioner fails to name the proper respondent, the district court lacks jurisdiction over the petition. *Doe*, 109 F.4th at 1195–1197. Here, Petitioner has failed to name as a respondent the person who has custody over him. Even if Petitioner had named the correct respondent, the petition further lacks merit for the reasons outlined below.

**B. Petitioner Fails to Seek Relief Cognizable in Federal Habeas Corpus**

A claim is cognizable in federal habeas corpus when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). "Release is the only available remedy—and thus a claim is at the core of habeas—if a successful petition demonstrates that the *detention itself* is without legal authorization." *Pinson v. Carvajal*, 69 F.4th 1059, 1070 (9th Cir. 2023).

Petitioner does not challenge the underlying legal basis or authority for his immigration detention. Here, other than requesting that Respondents file a return to his petition, Petitioner requests that the Court "[r]equire Respondents to provide [him] at least seven days' advance notice before any action to move or transfer [him] from the Western District of Washington or to remove [him] from the United States while this habeas action is pending, and require that notice to be filed on the docket[.]" Dkt. No. 1 at 3. And as noted above, he also asks the Court "to exercise habeas jurisdiction over [his] federal custody and to preserve meaningful access to this Court while [his

underlying] immigration proceedings remain pending." *Id.* at 2. Petitioner does not assert that either a transfer or his removal is imminent, nor does he assert any legal challenge to either. *See Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (the party seeking injunctive relief "must convince the court that relief is needed" and that "'there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive'") (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). Because Petitioner does not challenge the fact or duration of his detention, and he has not provided any legal authority for a habeas court to order the government to detain an immigration detainee in a particular location or enjoin the detainee's transfer while underlying immigration proceedings remain pending, his petition is not cognizable in habeas.

## III. CONCLUSION

Accordingly, the Court DISMISSES Petitioner's petition for a writ of habeas corpus without prejudice, Dkt. No. 1, DENIES Petitioner's motion for prompt entry of the standard pro se scheduling order, Dkt. No. 7, STRIKES the scheduling order, Dkt. No. 4, and directs Petitioner to file an amended petition that addresses the deficiencies identified above no later than October 23, 2026. If Petitioner fails to file an amended petition that adequately addresses the issues identified herein by October 23, 2026, the Court will dismiss this action.

Dated this 2nd day of October, 2026.

Lauren King
United States District Judge