UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DACKMAR YULLIAN FERMIN ESPINOZA,

Petitioner,

v.

FACILITY ADMINISTRATOR NORTWEST IMMIGRATION AND CUSTOMS ENFORCEMENT PROCESSING CENTER et al.,

Respondents.

CASE NO. 2:26-cv-03668-LK

ORDER DENYING MOTION TO APPOINT COUNSEL

This matter comes before the Court on Petitioner Dackmar Yullian Fermin Espinoza's Motion to Appoint Counsel. Dkt. No. 24. For the reasons set forth below, the Court denies the motion.

Petitioner filed his first petition for a writ of habeas corpus on September 29, 2026. Dkt. No. 1. The Court dismissed the petition without prejudice for failure to name the warden as a defendant and failure to seek relief cognizable in habeas. Dkt. No. 10. On October 9, 2026, Petitioner filed an amended petition. Dkt. No. 11. Respondents filed a notice of imminent removal on October 9, 2026, stating that Petitioner was expected to be removed in October 2026. Dkt. No. 13. On October 14, 2026, Petitioner filed an emergency motion for temporary restraining order

seeking to prevent his removal or transfer, Dkt. No. 14, which the Court denied on October 16, 2026, Dkt. No. 18 (noting that Petitioner was ordered removed in absentia on February 27, 2026, and failed to file a motion to reopen within 180 days of the order; his untimely motion to reopen was denied on September 22, 2026, and his subsequent appeal to the BIA does not preclude his removal). Respondents filed a return to Petitioner's amended petition on October 23, 2026, Dkt. No. 19, and Petitioner filed a traverse, Dkt. No. 21.

Because Petitioner claimed for the first time in his traverse that his motion to reopen was granted (despite attaching a copy of the order denying the motion to his petition), and the Executive Office for Immigration Review's Automated Case Information System indicated the motion was granted, the Court ordered Respondents to file a supplemental brief addressing whether Petitioner's motion to reopen his immigration proceedings was granted, and allowed Petitioner to file a response to Respondents' brief. Dkt. No. 22. Respondents then filed their supplemental brief, asserting that Petitioner's motion to reopen his case was denied, and attaching the denial order. Dkt. No. 23 at 1; Dkt. No. 23-1.

Petitioner now requests that the "Court appoint an attorney to represent [him] in [his] pending habeas corpus proceedings" because he is "indigent, currently detained, and unable to obtain legal representation independently." Dkt. No. 24 at 1–2. The Court finds that appointment of counsel is not warranted under these circumstances. As the Court previously observed, Petitioner is not likely to succeed on the merits. Dkt. No. 18. It appears that the information in the Executive Office for Immigration Review's Automated Case Information System is erroneous, as the actual order—as submitted by both Petitioner and Respondents—is a denial. Dkt. No. 23-1; Dkt. No. 11 at 12–13. Furthermore, briefing is complete except for an optional response from Petitioner that is due on November 25, 2026. Thus far, Petitioner has been able to adequately articulate his claims pro se in his amended habeas petition, motion for temporary restraining order,

and traverse. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Petitioner's motion to appoint counsel does not adequately explain why he requires the assistance of counsel to prosecute what little remains in this case.

Accordingly, the Court DENIES Petitioner's motion to appoint counsel. Dkt. No. 24.

Dated this 10th day of November, 2026.

Lauren King
United States District Judge